IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA SPENCER, | ) | CASE NO. 1:14 CV 865 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

**A.      Nature of the case and proceedings**

Before me[1] is an action by Patricia Spencer under 42 U.S.C. § 405(g) for judicial

review of the final decision of the Commissioner of Social Security denying her applications

for disability insurance benefits and supplemental security income.[2] The Commissioner has

answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and

---

[1] ECF # 13. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 9.

[4] ECF # 10.

[5] ECF # 5.

procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9]

## B.    Background facts and decision of the Administrative Law Judge ("ALJ")

Spencer, who was 45 years old at the time of the administrative hearing,[10] attended school through the 11th grade[11] and had experience in semiskilled work done at a medium exertional level.[12]

The ALJ, whose decision became the final decision of the Commissioner, found that Spencer had the following severe impairments: disorders of the spine, carpal tunnel syndrome, and obesity.[13]

After concluding that the relevant impairments did not meet or equal a listing, the ALJ made the following finding regarding Spencer's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except:

---

[6] ECF # 12.

[7] ECF # 19 (Spencer's brief); ECF # 24 (Commissioner's brief).

[8] ECF # 19-1 (Spencer's charts); ECF # 24-1 (Commissioner's charts).

[9] ECF # 18 (Spencer's fact sheet).

[10] Transcript ("Tr.") at 227.

[11] *Id*. at 256.

[12] *Id*.

[13] *Id*. at 46.

- She can lift or carry 20 lbs occasionally and 10 lbs frequently, with only frequent pushing and pulling with bilateral upper extremities.

- She can stand or walk 6 hours out of 8 and sit 6 hours out of 8.

- She cannot climb ladders, ropes, or scaffolds.

- She can do work with occasional stooping.

- She is limited to work with only frequent bilateral handling and fingering and frequent overhead reaching with bilateral upper extremities.

- She can have no exposure to hazards such as moving machinery and unprotected heights.[14]

The ALJ decided that this residual functional capacity precluded Spencer from performing her past relevant work as a driver and machine operator.[15]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Spencer could perform.[16] The ALJ, therefore, found Spencer not under a disability.[17]

---

[14] *Id.* at 47.

[15] *Id.* at 50.

[16] *Id.* at 51.

[17] *Id.*

## C.    Issues on judicial review and decision

Spencer asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Spencer presents the following issues for judicial review:

- Whether the ALJ expressly and reasonably evaluated the opinion of Dr. Michael Harrington, an examining physician.[18]

- Whether the ALJ adequately evaluated Spencer's hand limitations and prescription for a cane.[19]

- Whether new and material evidence warrants a remand.[20]

For the reasons that follow, I will conclude that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

## Analysis

## A.    Standards of review

## *1.    Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on

---

[18] ECF # 19 at 11.

[19] *Id*. at 15.

[20] *Id*. at 18.

-4-

review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[21]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[22] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[23]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**2.      *Sentence Six remand***

Sentence six of 42 U.S.C. § 405(g) permits a court to order a case remanded for consideration of additional evidence under certain circumstances. The Sixth Circuit has interpreted this statute as creating three requirements for a remand to consider new evidence:

---

[21] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[22] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[23] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

(1) that the evidence be "new;" that is, not cumulative of evidence already in the record; (2) that the evidence be "material;" which requires a showing that the Commissioner would have reached a different disposition of the claim if presented with the evidence; and (3) that "good cause" exists for not producing the evidence in a prior proceeding.[24]

## B.    Application of standards

### 1.    Dr. Harrington's opinion

I first consider the ALJ's analysis of the functional opinion of Dr. Michael Harrington, M.D. The ALJ initially found that because Dr. Harrington had examined Spencer only once, he was "not a treating source under the law."[25] Then, the ALJ concluded that the opinion was entitled to "little weight" because it relied on "minimal" clinical findings in general, and "no findings" at all to support the view that Spencer cannot stand more than one hour per day.[26]

In that regard, the case law is clear that a single examination of a patient does not create the ongoing treatment relationship necessary to characterize a medical source as a treating source.[27] Further, "[i]n the absence of treating source status, courts in the Sixth

---

[24] *Shull v. Astrue*, No. 09-CV-2931, 2011 WL 1357363, at *3 (N.D. Ohio April 11, 2011) (citations omitted).

[25] Tr. at 49.

[26] *Id.*

[27] *Torres v. Comm'r of Soc. Sec.,* 490 Fed. Appx. 748, 752 fn. 2 (6th Cir. 2012)(citation omitted).

Circuit do not reach the question of whether the ALJ violated [the treating source good reasons requirement] by failing to give good reasons for not accepting their reports."[28]

Here, the record is plain that Dr. Harrington examined Spencer only once, on August 8, 2012,[76] with Dr. Harrington then submitting a functional capacity opinion based on that examination on October 2, 2012.[77] As such, Dr. Harrington was not a treating source and his functional capacity opinion was therefore not entitled to any presumption of controlling weight, nor was the ALJ required to articulate good reasons for the weight ultimately given to such an opinion.[78]

## 2.    *Evaluation of Spencer's hand limitation/ prescription for a cane*

That said, the ALJ discussed Dr. Harrington's opinion by first reviewing the findings of his single examination, noting that they point to diminished grip strength and a conclusion that Spencer's weight was limiting her mobility.[79] Dr. Harrington then referred Spencer to a weight management clinic, and prescribed medications for pain and muscle spasms, as well as the use of a cane.[80] I note in particular that even with the above findings, Dr. Harrington's

---

[28] *Punches v. Comm'r of Soc. Sec.*, 2013 WL 3992593, at * 3 (N.D. Ohio 2013)(citing *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2006).

[76] Tr. at 958-61.

[77] *Id*. at 974-75.

[78] *Smith*, 482 F.3d at 876.

[79] Tr. at 49.

[80] *Id*.

opinion was that Spencer could occasionally balance, reach, handle, feel, push/pull, and perform fine and gross manipulation.[81]

These functional restrictions were, in fact, incorporated into the alternative hypothetical posed to the VE in this case.[82] In response, the VE testified that a significant number of jobs would exist for a person with such an RFC.[83]

This alternative hypothetical seems to incorporate the essence of Dr. Harrington's opinion. Yet, the response of the VE did not change the conclusion that Spencer would not be disabled. Thus, it follows that even if the ALJ erred by not giving more weight to Dr. Harrington's opinion regarding Spencer's hand limitations or need for a cane, the error would have been harmless.[84]

### 3. New evidence/ Sentence Six remand

Spencer here asserts that new evidence in the form of a vocational assessment done between November 2012 and February 2013 is material to the question of her disability status for the relevant period and is new because the assessment was not complete until several months after the ALJ's decision was issued.[85]

---

[81] *Id*. at 974-75.

[82] *Id*. at 90.

[83] *Id*. at 90-92.

[84] *See*, *Pechatsko v. Comm'r of Social Security*, 369 F.Supp.2d 909, 915 (N.D. Ohio 2004).

[85] ECF # 19 at 20.

In fact, Spencer bases her relevancy argument on the narrow ground that she was referred for this vocational assessment in October 2012, or one month prior to the hearing date in this case.[86] While it may be true that the vocational assessment referral predated the decision, if not the hearing,[87] it is certainly true that this additional vocational assessment did not even begin until November 8, 2012 - or nearly a week after the decision finding Spencer not disabled - with the assessment report itself dated November 12, 2012.[88]

As has been frequently noted, the mere fact that this additional vocational evidence did not exist at the time of the administrative hearing is insufficient of itself to establish good cause for it not being presented to the ALJ.[89] In that regard, as Magistrate Judge Vecchiarelli observed in *Langford*, Spencer has not offered any explanation as to why she was unable to obtain an additional vocational assessment prior to the hearing.[90]

Moreover, Spencer has not established that this new evidence would be material, in the sense that it would create a reasonable possibility that the ALJ would have reached a different result had the evidence been presented. Although Spencer points to the portions of

---

[86] *Id.*

[87] I note that the hearing in this case was conducted on October 5, 2012 (tr. at 44) with the decision dated November 2, 2012. Tr. at 51.

[88] Tr. at 298.

[89] *Langford v. Astrue,* 2010 WL 3069571, at *5 (N.D. Ohio 2010)(citation omitted).

[90] I further note in this regard that the notes of the first meeting for this vocational assessment reveal that Spencer, without prior notice or explanation, failed to keep the initial appointment with the evaluator set for November 1, 2012, and that the evaluator then had to reach out to Spencer to arrange an alternative date. Tr. at 298.

the assessment that describes the problems with her hands and the evaluator's conclusion that Spencer's problems were so severe that she would not benefit from a rehabilitation program,[91] that conclusion was not the finding of a qualified person such as the VE in this case working with a particular RFC supported by substantial evidence in connection with the DOT, but rather the result of a computer matching of Spencer's self-assessed job skills with something called the "World of Work Inventory" and the "Transferable Skills Analysis."[92] Given the substantial deficiencies in the new evidence offered by Spencer (*i.e*., a self-assessment of job skills versus an RFC supported by substantial evidence), it is hard to see how this new evidence would create a reasonable probability that the ALJ would reach a different result in this case.

Accordingly, I find that Spencer has not established that this new evidence warrants a remand under Sentence Six.

---

[91] ECF # 19 at 20.

[92] Tr. at 310.

## Conclusion

For the reasons stated above, substantial evidence supports the finding of the Commissioner that Spencer had no disability. Therefore, the denial of Spencer's applications is affirmed.

IT IS SO ORDERED.

Dated: September 4, 2015                        s/ William H. Baughman, Jr.
                                                United States Magistrate Judge